

# Fourth Court of Appeals
## San Antonio, Texas

July 7, 2016

No. 04-16-00413-CV

**IN THE INTEREST OF D.D., ET AL., CHILDREN**,

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2015PA01025
The Honorable Lisa Jarrett, Judge Presiding

## O R D E R

This is an appeal from a trial court's ordering terminating appellant father's parental rights. The reporter's record is due July 11, 2016. On July 6, 2016, the court reporter filed a notification of late record stating she would not be filing the record because "appellant is not entitled to appeal without paying the fee, and the appellant has failed to pay the fee or make arrangements to pay the fee for preparing such record." The clerk's record was filed July 6, 2016, and shows the trial court appointed counsel to represent appellant at trial.

The Texas Family Code states that a parent who opposes a termination proceeding instituted by a governmental entity such as the Texas Department of Family and Protective Services is entitled to appointed counsel if the trial court determines the parent is indigent. *See* TEX. FAM. CODE ANN. § 107.013(a)(1) (West Supp. 2015). Thus, counsel is appointed only if the parent establishes indigency. *See id.* The statute goes on to states that once the trial court has determined a parent is indigent, the parent is "presumed to remain indigent for the duration of the suit and any subsequent appeal unless the court upon the motion of the parent, the attorney ad litem for the parent, or the attorney representing the governmental entity, determines that the parent is no longer indigent due to a material and substantial change in the parent's financial circumstances. *Id.* § 107.013(e). Here, there is nothing in the clerk's record showing any motion was filed challenging the prior indigency finding. Accordingly, pursuant to the statute, appellant is indigent for purposes of the appeal. We therefore **DENY** the court reporter's notification of late record and **ORDER** the reporter, Mary Nancy Capetillo, to file the reporter's record in this court without cost to appellant on or before **July 18, 2016**.

The court reporter is reminded that, by statute, this appeal is accelerated, and is to take precedence over other matters. *See id.* § 109.002(a) (West 2014). The reporter is further reminded that strict deadlines exist with regard to disposal of appeals dealing with termination of parental rights. With regard to the appellate record, appellate courts may not grant more than 30 days *cumulatively* with regard to extensions of time for the reporter's record. TEX. R. APP. P. 28.4(b).

We **order** the clerk of this court to serve a copy of this order on the trial court, all counsel, and the court reporter.

_____
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 7th day of July, 2016.

_____
Keith E. Hottle
Clerk of Court